## CARNEY, Admx., Plaintiff-Appellant v. DAYTON POWER & LIGHT COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1742.   Decided June 4, 1943.

Kusworm & Kusworm, Dayton; Murphy & Staley, Greenville, for plaintiff-appellant.

Charles Pfarrer, Dayton; Sam McCray, Dayton; Matthews, Matthews & Altick, Dayton, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this court on appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery county, Ohio. The amended petition alleges the appointment of the plaintiff by the Circuit Court of Wayne county, Indiana. As her cause of action, she avers that her decedent died on October 3, 1938, at the age of thirty years leaving certain next of kin; that he was employed by the firm of Christ & Beatty of Hamilton, Ohio, as a foreman engaged in the work of reconstructing a portion of Federal Highway No. 127 in Preble county, Ohio, and on the day in question he was in charge of the operation of a power shovel; that the highway was being increased in width from 60 feet to 100 feet.

It is alleged that The Dayton Power & Light Company, a corporation, was engaged in the business of transmitting electric current for commercial purposes; that in connection therewith, it maintained a system of high tension power lines along the right-of-way of said highway, which at the time were carrying a load of approximately 33,000 volts; that said high tension lines were uninsulated and were carried on poles passing the point where plaintiff's decedent was engaged in charge of the power shovel which was being used in the prosecution of the work of rebuilding said highway; that said power shovel was suspended from a swinging crane approximately 12 feet in length; that on the 29th day of July, 1938, Director of Highways for the State of Ohio caused notice to be given to the defendant of the receiving of bids for the construction of said highway, including the part whereon plaintiff's decedent was injured; that later, the Director of Highways caused further notice to be given of the reconstruction of said highway,

and the letting of the contract therefor, and authorizing the defendant to proceed with the line re-arranging work. Other notices were given to the defendant of the intended improvement.

It is averred that in addition to other notices, personal notice was given by Christ & Beatty, the contractors to whom the construction had been awarded, of the letting of the improvement; that despite of such notices and despite of the fact of its long experience with work of the character in which power machinery must be used, defendant neglected to remove its pole line carrying its high tension electric lines to the position along the line of said improvement specified in the notice, but permitted the pole line to remain on the same location occupied by it on the date of the receipt of the notice, thereby making it necessary for plaintiff's decedent and fellow workmen engaged in the prosecution of the construction of said improvement, to work said machinery and equipment in close proximity to said pole line and said high tension electric lines carried by said poles, with the result that on the 3rd day of October, 1938, while the plaintiff's decedent, a bridge foreman, was in charge of the construction of a certain bridge and directing the efforts of workmen and in charge of a power shovel, then being used in the prosecution of said work and while plaintiff's decedent was assisting in keeping the guide lines attached to said power shovel from becoming fouled, said high voltage current escaped from the uninsulated high tension wires and through various conduits connected with the power shovel, reached the body of plaintiff's decedent, causing his death.

It is alleged that the injuries and resulting death were due solely to the negligence of the defendant in maintaining its uninsulated high tension power lines along the line of said improvement.

The Dayton Power & Light Company answered, admitting certain allegations of the plaintiff's petition, and that the the decedent died of an electric shock on October 3, 1938; that the defendant is a public utility engaged in the business of transmitting electric energy, and as such owned and operated the system of wires; that on the 3rd day of October, 1938, the defendant owned the system of lines along said route; that one circuit carried a load of approximately 33,000 volts; that other wires carried less voltage; that the wires were uninsulated; that the defendant received notice of the improvement before the work was begun.

It is alleged that on the 3rd day of October, 1938, at the point where the accident took place, the wires were located in the position occupied on July 29, 1938; that at other points within said road widening project, and at the request of Christ & Beatty and the engineers of the State Highway Department, the defendant removed certain of its poles to a temporary location in order to facilitate the work on the highway; that upon receiving the notice from the Highway Department Director, it proceeded to comply with §1199 GC, and that the wires were removed from their former location as rapidly as possible and all other allegations were denied.

Plaintiff replies to the answer denying all affirmative averments in said answer, especially denying that upon receipt of the notice, defendant proceeded to comply with the Section cited, and denied the defendant's wires were removed from their location as rapidly as possible. The cause was tried and the jury found,

"We, the jury, upon the issues joined between the parties, in this case, do find for the defendant, The Dayton Power & Light Co., not guilty of the charge of negligence as claimed by the plaintiff."

A motion to set aside the verdict and for new trial was made on seven different grounds. Said motion was overruled and the court considered that the defendant go hence without day and recover its costs. Said entry was of July 22, 1942. Notice of appeal was given.

Defendant filed an assignment of errors asserting the following prejudicial errors:

1. The verdict is not sustained by sufficient evidence and is contrary to law.

2. Error in refusing to give Special Charge marked original No. IV requested by the plaintiff.

3. The court erred in submitting special interrogatories.

4. In the submission of said special interrogatories numbered 1, 2 and 3, the court failed to properly charge the jury with reference to the law concerning said interrogatories.

5. Errors of law occurring at the trial and excepted to by the plaintiff.

6. The court erred in that despite the fact the defendant's answer contained no suggestion of defense of contributory negligence, said court permitted said defendant to introduce

evidence which under the circumstances and conditions plaintiff did not have opportunity to meet or controvert.

7. And for other errors manifest upon the face of the record.

8. The court erred in overruling plaintiff's motion for new trial.

We shall consider the assignment of errors following, where possible, the order in which the same are asserted.

"No. 1—The verdict is not sustained by sufficient evidence and is contrary to law."

This, of course, involves the evidence presented by the bill of exceptions. This we have examined in such detail as seems to be required. The claim is made by the petition that the defendant was guilty of negligence in its failure to remove the poles and high tension wires after it had been notified of the contemplated improvement by widening the highway. It seems that the defendant, in compliance with the notice given by the Highway Department, proceeded to take such preliminary steps as would be incidental to the changing of its poles and wires, but it had not completed that work or arrived at the point where the poles were actually moved before the plaintiff's decedent came upon the job as a foreman of a gang operating the steam power shovel in widening the road. The plaintiff's decedent seemed to have been in possession of all the information necessary to impress upon him the obligation of looking to his own safety and the danger incident to the structure. We are not left to our own judgment on this matter, but can rely upon the judgment of the jury.

Certain interrogatories were submitted to the jury. The first was a query as to whether or not the decedent knew that the electric line of the defendant, located on the west of the paved portion of the highway and adjacent to the place where decedent was working, was a high voltage or high tension line. The jury answered this interrogatory in the affirmative.

The next interrogatory was a query as to whether the decedent, before he met his death, had been warned that it was dangerous to permit the clam shell excavating machine to be operated or moved in such a manner as to come in contact with, or in close proximity to the electric wires located to the west of the paved portion of the highway. The jury answered this interrogatory in the affirmative.

The next interrogatory was as to whether the decedent at the time of his death, was the foreman in charge of the operation and movement of the clam shell excavating machine. The answer to this was in the affirmative.

We thus have the decedent definitely informed of the danger incident to the high tension wires and warned not to bring. his machine in close proximity to them. He, however, seems to have disregarded this warning. This places the issues squarely before the jury to determine the verdict and this reviewing court cannot say that the verdict was not sustained by sufficient evidence. This assignment is overruled.

Assignment No. 2 is that the court erred in refusing to give special charge No. IV requested by the plaintiff. The question whether the court should give this charge, gave rise to considerable discussion between counsel and the court. It appears that counsel based his charge upon the provisions of §1199 GC, providing for the removal of poles and wires when relocating a highway. The court on page 223 of the record, made inquiry of counsel as to whether the matter presented was the entire statute (§1199). Counsel, having replied that a portion of it was not pertinent at all, objection of opposite counsel was made on the ground the charge was not complete. Thereupon the court stated:

"The court will give the charge providing counsel will add the law as found in the last paragraph."

The matter was left in this shape during discussion and reference to other charges, but on page 229 of the record, counsel for plaintiff-appellant stated:

"We have concluded to present the charge in its original form and in that form only."

To which the court replied:

"Court will not give the charge because it does not state all facts of the case."

In reading the section, much will be found that would be applicable to the case and the evidence presented, and its omission would render the charge incomplete. The statute did not require that the wires be insulated. We are of the opinion

that the court did not err in refusing to give the charge that omitted a portion of the statute, and that assignment of error will be overruled.

Assignment No. 3 is that the ecourt erred in submitting special interrogatories Nos. 1, 2 and 3 at the request of the defendant, and Assignment No. 4 relating to the same interrogatories, objection being that the court erred in not properly charging the jury with reference to the law concerning the answering of said interrogatories. **Section 11420-17 GC,** provides that when either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The court, as shown on page 258 of the record, after stating to the jury the general form of verdict for the plaintiff and the defendant states:

"In addition to the verdicts, the court is going to read to you special interrogatories, which after you have come to your conclusion in your jury room, as to what the verdict will be, you will then proceed to answer the interrogatories which the court will now read to you."

The court thereupon read the interrogatories herein set forth and which the jury answered in the affirmative. We think the interrogatories were highly pertinent and that the court did not err in submitting the same at the request of the defendant.

We are also of the opinion that the court did not violate the provisions of §11420-17 GC, in submitting the interrogatories. Assignments 3 and 4 will be overruled.

Assignment No. 5 relates to alleged errors appearing in the trial and excepted to by the plaintiff. This assignment is entirely too general to inform the court of the matters to which counsel wish to direct attention, and this assignment No. 5 will be overruled.

Assignment No. 6 is to the effect the court erred in that despite the fact that defendant's answer contained no suggestion of contributory negligence, said court permitted defendant to introduce evidence which, under the circumstances and conditions, plaintiff did not have opportunity to meet or controvert. In **Fries, Appellant v. Cincinnati Street Railway. 138 Oh St 537,** it is held:

"Where, in an action for personal injury grounded on negligence, the evidence raised the issue of contributory negligence, the court should charge on that subject regardless of the pleadings."

**Bradley v Cleveland Railway Company, 112 Oh St 35,** Syllabus 1:

"In actions for negligence, where the answer pleads the general issue, or that the injury resulted from the plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue."

In the case at bar there was no allegation of contributory negligence, but there was a plea of general issue. We think these two cases are sufficient to justify the court in charging on contributory negligence. We have examined his charge on this question and find the same without fault. We therefore overrule assignment No. 6.

Assignment No. 7 refers to other errors manifest upon the face of the record but not pointed out.

Assignment No. 8 is to the effect that the court erred in overruling plaintiff's motion for a new trial. This involves the evidence which has already been commented upon by us. Assignment No. 8 overruled.

The peculiar thing about the trial is that while the court carefully instructed the jury as to the form of verdict either for plaintiff or defendant, the jury brought in a verdict as follows:

"We, the jury, upon the issues joined between the parties, in this case, do find for the defendant, The Dayton Power & Light Co., not guilty of the charge of negligence as claimed by the plaintiff."

The verdict of the jury was for the defendant, but had the unusual phrase, "not guilty of the charge of negligence as

claimed by the plaintiff". If this verdict stands in this shape, the defendant is absolved from negligence as claimed by the plaintiff. If the defendant was not guilty of negligence, the plaintiff could not be guilty of contributory negligence. See in connection with this point, **Jones v Erie Railroad, 106 Oh St 408.**

Judgment of court affirmed.

BARNES, P. J., and HORNBECK, J., concur.

### ON APPLICATION FOR REHEARING

By GEIGER, J.

This matter is now before the court on an application for rehearing filed at a recent date by counsel for plaintiff-appellant. Counsel states as his ground for rehearing.

"Appellant's appeal is predicated upon eight specific assignments of error, all of which are noticed by the court in the recently released opinion, and all resolved unfavorably to appellant, several of them, we think, with less consideration than they merit, and it is to these specific assignments of error wish now to direct the attention of the court."

These assignments are enumerated in appellant's brief as Nos. 2, 6 and 9.

We have carefully reread our opinion in this case and examined such evidence as is pertinent to the questions now presented. We are unable to discover any new matter presented by counsel which calls for a rehearing in this case, and we believe the opinion of the court is clear and needs no explanation, and does not require the court to rehear the matter so ably presented by counsel at the former hearing. Application for rehearing overruled.

BARNES. P. J., and HORNBECK, J., concur.